1   DAVID F. FAUSTMAN, State Bar No. 081862
2   dfaustman@foxrothschild.com
    LYNNE M. HOOK, State Bar No. 169064
3   lhook@foxrothschild.com
4   FOX ROTHSCHILD LLP
    1801 Century Park East, Suite 1420
5   Los Angeles, CA  90067
6   Tel:   310.556.8786
    Fax:   310.843.9910
7

8   Attorneys for Defendant
    PARTY CITY CORPORATION
9

10              UNITED STATES DISTRICT COURT

11       FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13   A.J. OLIVER,                              Case No. 08 CV 1364 LAB POR

14                     Plaintiff,              **DEFENDANT PARTY CITY
                                               CORPORATION'S ANSWER
15          vs.                                TO PLAINTIFF'S
                                               COMPLAINT**
16
     SOUTHBAY MARKETPLACE
17   HOLDINGS, LLC; PARTY CITY
18   CORPORATION dba PARTY CITY of
     NATIONAL CITY #521; MAC N FRY,
19   INC. dba McDONALD'S;
20   McDONALD'S CORPORATION;
     GROCERY OUTLET, INC. dba
21   GROCERY OUTLET #145; ROSS
22   DRESS FOR LESS, INC. dba ROSS
     DRESS FOR LESS #393; THE OFFICE
23   CLUB, INC. dba OFFICE DEPOT
24   #0963; DLC ACQUISITION CORP. dba
     DIXIELINE LUMBER & HOME
25   CENTER; LN REAL ESTATE, LLC
26
27                    Defendants.

28

                              1
                           ANSWER
LAI 9405v1 08/28/08

1   Defendant Party City Corporation (erroneously sued as "PARTY CITY

2   CORPORATION dba PARTY CITY OF NATIONAL CITY #521) ("Defendant

3   PCC") hereby submits this Answer to Plaintiff A.J. Oliver's ("Plaintiff")

4   Complaint ("Complaint") as follows.

5   Defendant PCC denies each and every allegation in the Complaint not

6   specifically admitted herein.  Defendant PCC further denies that Plaintiff has

7   suffered any injury, damage, or loss by reason of any act or omission on the part of

8   Defendant PCC, denies that Plaintiff has been damaged in any amount whatsoever,

9   and denies that Defendant PCC owes Plaintiff any amounts whatsoever.

10   Responding specifically to the numbered allegations contained in the

11   Complaint, Defendant PCC states the following:

12                           I. SUMMARY

13   1.    In response to paragraph 1 of the Complaint, Defendant PCC admits

14   that this case purports to be a civil rights action for alleged discrimination.

15   Defendant PCC further admits that it operates the business known as Party City of

16   National City #521, located at 3410 Highland Avenue, National City, California

17   91950 (the "Facility").  Defendant PCC denies that it discriminated against

18   Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

19   Defendant PCC lacks adequate knowledge or information to admit or deny the

20   remaining allegations in this paragraph, and on that basis denies all such remaining

21   allegations.

22   2.    In response to paragraph 2 of the Complaint, Defendant PCC denies

23   that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC

24   lacks adequate information to admit or deny the remaining allegations in this

25   paragraph, and on that basis denies all such remaining allegations.

26                           II. JURISDICTION

27   3.    In response to paragraph 3 of the Complaint, Defendant PCC admits

28   jurisdiction for Plaintiff's claims under the Americans with Disabilities Act of

2

ANSWER

1990 (the "ADA") brought pursuant to 28 U.S.C. Sections 1331 and 1343. Except as expressly admitted herein, Defendant PCC denies each of the allegations in this paragraph.

4.    In response to paragraph 4 of the Complaint, Defendant PCC admits that Plaintiff invokes this Court's supplemental jurisdiction as to certain claims. To the extent that Plaintiff does not have a colorable claim under the ADA, Defendant PCC denies that this Court has pendent jurisdiction over the state law claims. Except as expressly admitted or denied herein, Defendant PCC denies each of the allegations in this paragraph.

5.    In response to paragraph 5 of the Complaint, Defendant PCC denies that Plaintiff is entitled to declaratory relief, or any relief at all. In further response to paragraph 5, Defendant PCC lacks adequate information to admit or deny the remaining allegations in this paragraph, and on that basis denies all such allegations.

### III.  VENUE

6.    In response to paragraph 6 of the Complaint, Defendant PCC admits that the Southbay Marketplace (the "Property") and the Facility are located within the jurisdiction of the United States District Court, Southern District of California. Except as expressly admitted herein, Defendant PCC denies each of the allegations in this paragraph.

### IV.  PARTIES

7.    In response to paragraph 7 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

8.    In response to paragraph 8 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

ANSWER

LA1 9405v1 08/28/08

1      9.     In response to paragraph 9 of the Complaint, Defendant PCC lacks
2  adequate information to admit or deny the allegations in this paragraph, and on that
3  basis denies each and every allegation contained therein.

4      10.    In response to paragraph 10 of the Complaint, Defendant PCC lacks
5  adequate information to admit or deny the allegations in this paragraph, and on that
6  basis denies each and every allegation contained therein.

7      11.    In response to paragraph 11 of the Complaint, Defendant PCC admits
8  that it leases and operates the Facility.  Defendant PCC further admits that it is a
9  corporation.  Except as expressly admitted herein, Defendant PCC denies each of
10  the allegations in this paragraph.

11      12.    In response to paragraph 12 of the Complaint, Defendant PCC lacks
12  adequate information to admit or deny the allegations in this paragraph, and on that
13  basis denies each and every allegation contained therein.

14      13.    In response to paragraph 13 of the Complaint, Defendant PCC lacks
15  adequate information to admit or deny the allegations in this paragraph, and on that
16  basis denies each and every allegation contained therein.

17                              V.  FACTS

18      14.    In response to paragraph 14 of the Complaint, Defendant PCC lacks
19  adequate information to admit or deny the allegations in this paragraph, and on that
20  basis denies each and every allegation contained therein.

21      15.    In response to paragraph 15 of the Complaint, Defendant PCC lacks
22  adequate information to admit or deny the allegations in this paragraph, and on that
23  basis denies each and every allegation contained therein.

24      16.    In response to paragraph 16 of the Complaint, Defendant PCC lacks
25  adequate information to admit or deny the allegations in this paragraph, and on that
26  basis denies each and every allegation contained therein.

27      17.    In response to paragraph 17 of the Complaint, Defendant PCC lacks
28  adequate information to admit or deny the allegations in this paragraph, and on that

LAI 9405v1 08/28/08

1  basis denies each and every allegation contained therein.

2      18.    In response to paragraph 18, Defendant PCC admits that the Facility is

3  a sales or retail establishment that is open to the general public.  Defendant PCC

4  further admits that the Facility is intended for nonresidential use.  In further

5  response to paragraph 18, Defendant PCC lacks adequate information to admit or

6  deny whether the Facility's operation "affects commerce," and on that basis denies

7  this allegation.

8      19.    In response to paragraph 19 of the Complaint, Defendant PCC lacks

9  adequate information to admit or deny the allegations in this paragraph, and on that

10 basis denies each and every allegation contained therein.

11     20.    In response to paragraph 20 of the Complaint, Defendant PCC lacks

12 adequate information to admit or deny the allegations in this paragraph, and on that

13 basis denies each and every allegation contained therein.

14     21.    In response to paragraph 21 of the Complaint, Defendant PCC lacks

15 adequate information to admit or deny the allegations in this paragraph.

16     22.    In response to paragraph 22 of the Complaint, Defendant PCC lacks

17 adequate information to admit or deny the allegations in this paragraph.

18     23.    In response to paragraph 23 of the Complaint, Defendant PCC lacks

19 adequate information to admit or deny the allegations in this paragraph, and on that

20 basis denies each and every allegation contained therein.

21     24.    In response to paragraph 24 of the Complaint, Defendant PCC lacks

22 adequate information to admit or deny the allegations in this paragraph, and on that

23 basis denies each and every allegation contained therein.

24     25.    In response to paragraph 25 of the Complaint, Defendant PCC lacks

25 adequate information to admit or deny the allegations in this paragraph, and on that

26 basis denies each and every allegation contained therein.

27     26.    In response to paragraph 26 of the Complaint, Defendant PCC lacks

28 adequate information to admit or deny the allegations in this paragraph, and on that

LA1 9405v1 08/28/08

1  basis denies each and every allegation contained therein.

2       27.    In response to paragraph 27 of the Complaint, Defendant PCC lacks
3  adequate information to admit or deny the allegations in this paragraph, and on that
4  basis denies each and every allegation contained therein.

5       28.    In response to paragraph 28 of the Complaint, Defendant PCC lacks
6  adequate information to admit or deny the allegations in this paragraph, and on that
7  basis denies each and every allegation contained therein.

8       29.    In response to paragraph 29 of the Complaint, Defendant PCC lacks
9  adequate information to admit or deny the allegations regarding Plaintiff's
10  knowledge of purported "barriers" at the Facility.  Defendant PCC denies that it
11  was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further
12  denies that it discriminated against Plaintiff or continues to discriminate against
13  Plaintiff, as alleged or otherwise.

14      30.    In response to paragraph 30 of the Complaint, Defendant PCC lacks
15  adequate information to admit or deny the allegations regarding Plaintiff's
16  allegations that he was "deterred," and "continues to be deterred," from visiting the
17  Facility.  Defendant PCC denies that it was or is in violation of the Laws, as
18  alleged or otherwise.  Defendant PCC further denies that it discriminated against
19  Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

20      31.    In response to paragraph 31 of the Complaint, Defendant PCC lacks
21  adequate information to admit or deny the allegations in this paragraph, and on that
22  basis denies each and every allegation contained therein.

23      32.    In response to paragraph 32 of the Complaint, Defendant PCC lacks
24  adequate information to admit or deny the allegations in this paragraph, and on that
25  basis denies each and every allegation contained therein.

26      33.    In response to paragraph 33 of the Complaint, Defendant PCC lacks
27  adequate information to admit or deny the allegations in this paragraph, and on that
28  basis denies each and every allegation contained therein.

LA1 9405v1 08/28/08

34.    In response to paragraph 34 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

35.    In response to paragraph 35 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

36.    In response to paragraph 36 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

37.    In response to paragraph 37 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

38.    In response to paragraph 38 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

39.    In response to paragraph 39 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

40.    In response to paragraph 40 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

41.    In response to paragraph 41 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

42.    In response to paragraph 42 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

LA1 9405v1 08/28/08

43.    In response to paragraph 43 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

44.    In response to paragraph 44 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

45.    In response to paragraph 45 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

46.    In response to paragraph 46 of the Complaint, Defendant PCC denies that it was or is in violation of the law, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff as alleged or otherwise.

47.    In response to paragraph 47 of the Complaint, Defendant PCC denies that it was or is in violation of the law, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff as alleged or otherwise.

48.    In response to paragraph 48 of the Complaint, Defendant PCC denies that it was or is in violation of the law, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff as alleged or otherwise.

49.    In response to paragraph 49 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

50.    In response to paragraph 50 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

LA1 9405v1 08/28/08

1      51.   In response to paragraph 51 of the Complaint, Defendant PCC lacks

2  adequate information to admit or deny the allegations in this paragraph, and on that

3  basis denies each and every allegation contained therein.

VI. FIRST CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The McDonald's Facility)

    52.   In response to paragraph 52 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 51 as if fully set forth herein.

    53.   In response to paragraph 53 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

    54.   In response to paragraph 54 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

    55.   In response to paragraph 55 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

    56.   In response to paragraph 56 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

    57.   In response to paragraph 57 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

    58.   In response to paragraph 58 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

59.    In response to paragraph 59 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

60.    In response to paragraph 60 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

61.    In response to paragraph 61 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

62.    In response to paragraph 62 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

63.    In response to paragraph 63 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

64.    In response to paragraph 64 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

65.    In response to paragraph 65 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

66.    In response to paragraph 66 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

67.    In response to paragraph 67 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

LA1 9405v1 08/28/08

1    68.    In response to paragraph 68 of the Complaint, Defendant PCC

2   responds that it is not named in this cause of action and therefore no response is

3   required.

4                             VII.  SECOND CLAIM

5                             Disabled Persons Act

6                          (The McDonald's Facility)

7    69.    In response to paragraph 69 of the Complaint, Defendant PCC

8   incorporates its responses to paragraphs 1 through 68 as if fully set forth herein.

9    70.    In response to paragraph 70 of the Complaint, Defendant PCC

10   responds that it is not named in this cause of action and therefore no response is

11   required.

12    71.    In response to paragraph 71 of the Complaint, Defendant PCC

13   responds that it is not named in this cause of action and therefore no response is

14   required.

15    72.    In response to paragraph 72 of the Complaint, Defendant PCC

16   responds that it is not named in this cause of action and therefore no response is

17   required.

18    73.    In response to paragraph 73 of the Complaint, Defendant PCC

19   responds that it is not named in this cause of action and therefore no response is

20   required.

21    74.    In response to paragraph 74 of the Complaint, Defendant PCC

22   responds that it is not named in this cause of action and therefore no response is

23   required.

24    75.    In response to paragraph 75 of the Complaint, Defendant PCC

25   responds that it is not named in this cause of action and therefore no response is

26   required.

27

28

                                    11

LA1 9405v1 08/28/08

1

## VII.  THIRD CLAIM

2

### Unruh Civil Rights Act

3

### (The McDonald's Facility)

4      76.    In response to paragraph 76 of the Complaint, Defendant PCC

5  incorporates its responses to paragraphs 1 through 75 as if fully set forth herein.

6      77.    In response to paragraph 77 of the Complaint, Defendant PCC

7  responds that it is not named in this cause of action and therefore no response is

8  required.

9      78.    In response to paragraph 78 of the Complaint, Defendant PCC

10  responds that it is not named in this cause of action and therefore no response is

11  required.

12      79.    In response to paragraph 79 of the Complaint, Defendant PCC

13  responds that it is not named in this cause of action and therefore no response is

14  required.

15      80.    In response to paragraph 80 of the Complaint, Defendant PCC

16  responds that it is not named in this cause of action and therefore no response is

17  required.

18      81.    In response to paragraph 81 of the Complaint, Defendant PCC

19  responds that it is not named in this cause of action and therefore no response is

20  required.

21      82.    In response to paragraph 82 of the Complaint, Defendant PCC

22  responds that it is not named in this cause of action and therefore no response is

23  required.

24      83.    In response to paragraph 83 of the Complaint, Defendant PCC

25  responds that it is not named in this cause of action and therefore no response is

26  required.

27

28

ANSWER

LA1 9405v1 08/28/08

IX.  FOURTH CLAIM

Denial of Full and Equal Access to Public Facilities

(The McDonald's Facility)

84.    In response to paragraph 84 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 83 as if fully set forth herein.

85.    In response to paragraph 85 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

86.    In response to paragraph 86 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

87.    In response to paragraph 87 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

88.    In response to paragraph 88 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

X. FIFTH CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Office DepotFacility)

89.    In response to paragraph 89 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 88 as if fully set forth herein.

90.    In response to paragraph 90 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

91.    In response to paragraph 91 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is

13

LA1 9405v1 08/28/08

1  required.

2      92.    In response to paragraph 92 of the Complaint, Defendant PCC
3  responds that it is not named in this cause of action and therefore no response is
4  required.

5      93.    In response to paragraph 93 of the Complaint, Defendant PCC
6  responds that it is not named in this cause of action and therefore no response is
7  required.

8      94.    In response to paragraph 94 of the Complaint, Defendant PCC
9  responds that it is not named in this cause of action and therefore no response is
10  required.

11      95.    In response to paragraph 95 of the Complaint, Defendant PCC
12  responds that it is not named in this cause of action and therefore no response is
13  required.

14      96.    In response to paragraph 96 of the Complaint, Defendant PCC
15  responds that it is not named in this cause of action and therefore no response is
16  required.

17      97.    In response to paragraph 97 of the Complaint, Defendant PCC
18  responds that it is not named in this cause of action and therefore no response is
19  required.

20      98.    In response to paragraph 98 of the Complaint, Defendant PCC
21  responds that it is not named in this cause of action and therefore no response is
22  required.

23      99.    In response to paragraph 99 of the Complaint, Defendant PCC
24  responds that it is not named in this cause of action and therefore no response is
25  required.

26      100.    In response to paragraph 100 of the Complaint, Defendant PCC
27  responds that it is not named in this cause of action and therefore no response is
28  required.

ANSWER

101.   In response to paragraph 101 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

102.   In response to paragraph 102 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required

103.   In response to paragraph 103 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

104.   In response to paragraph 104 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required

105.   In response to paragraph 105 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required

XI.  SIXTH CLAIM

Disabled Persons Act

(The Office Depot Facility)

106.   In response to paragraph 106 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 105 as if fully set forth herein.

107.   In response to paragraph 107 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

108.   In response to paragraph 108 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

109.   In response to paragraph 109 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is

15

ANSWER

1 | required.

2 | 110.   In response to paragraph 110 of the Complaint, Defendant PCC
3 | responds that it is not named in this cause of action and therefore no response is
4 | required.

5 | 111.   In response to paragraph 111 of the Complaint, Defendant PCC
6 | responds that it is not named in this cause of action and therefore no response is
7 | required.

8 | 112.   In response to paragraph 112 of the Complaint, Defendant PCC
9 | responds that it is not named in this cause of action and therefore no response is
10 | required.

11 | XII.  SEVENTH CLAIM

12 | Unruh Civil Rights Act

13 | (The Office Depot Facility)

14 | 113.   In response to paragraph 113 of the Complaint, Defendant PCC
15 | incorporates its responses to paragraphs 1 through 112 as if fully set forth herein.

16 | 114.   In response to paragraph 114 of the Complaint, Defendant PCC
17 | responds that it is not named in this cause of action and therefore no response is
18 | required.

19 | 115.   In response to paragraph 115 of the Complaint, Defendant PCC
20 | responds that it is not named in this cause of action and therefore no response is
21 | required.

22 | 116.   In response to paragraph 116 of the Complaint, Defendant PCC
23 | responds that it is not named in this cause of action and therefore no response is
24 | required.

25 | 117.   In response to paragraph 117 of the Complaint, Defendant PCC
26 | responds that it is not named in this cause of action and therefore no response is
27 | required.

28 |

16

ANSWER

118.   In response to paragraph 118 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

119.   In response to paragraph 119 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

120.   In response to paragraph 120 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XIII.  EIGHTH CLAIM

Denial of Full and Equal Access to Public Facilities

(The Office Depot Facility)

121.   In response to paragraph 121 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 120 as if fully set forth herein.

122.   In response to paragraph 122 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

123.   In response to paragraph 123 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

124.   In response to paragraph 124 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

125.   In response to paragraph 125 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

LA1 9405v1 08/28/08

## XIV. NINTH CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Dixieline Facility)

126.    In response to paragraph 126 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 125 as if fully set forth herein.

127.    In response to paragraph 127 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

128.    In response to paragraph 128 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

129.    In response to paragraph 129, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

130.    In response to paragraph 130, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

131.    In response to paragraph 131 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

132.    In response to paragraph 132 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

133.    In response to paragraph 133 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

134.    In response to paragraph 134 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

18

ANSWER

1        135.   In response to paragraph 135 of the Complaint, Defendant PCC

2   responds that it is not named in this cause of action and therefore no response is

3   required.

4        136.   In response to paragraph 136 of the Complaint, Defendant PCC

5   responds that it is not named in this cause of action and therefore no response is

6   required.

7        137.   In response to paragraph 137 of the Complaint, Defendant PCC

8   responds that it is not named in this cause of action and therefore no response is

9   required.

10       138.   In response to paragraph 138 of the Complaint, Defendant PCC

11  responds that it is not named in this cause of action and therefore no response is

12  required.

13       139.   In response to paragraph 139 of the Complaint, Defendant PCC

14  responds that it is not named in this cause of action and therefore no response is

15  required.

16       140.   In response to paragraph 140 of the Complaint, Defendant PCC

17  responds that it is not named in this cause of action and therefore no response is

18  required.

19       141.   In response to paragraph 141 of the Complaint, Defendant PCC

20  responds that it is not named in this cause of action and therefore no response is

21  required.

22       142.   In response to paragraph 142 of the Complaint, Defendant PCC

23  responds that it is not named in this cause of action and therefore no response is

24  required .

25

26

27

28

19

ANSWER

XV.  TENTH CLAIM

Disabled Persons Act

(The Dixieline Facility)

143.  In response to paragraph 143 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 142 as if fully set forth herein.

144.  In response to paragraph 144 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

145.  In response to paragraph 145 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

146.  In response to paragraph 146 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

147.  In response to paragraph 147 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

148.  In response to paragraph 148 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

149.  In response to paragraph 149 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XVI. ELEVENTH CLAIM

Unruh Civil Rights Act

(The Dixieline Facility)

150.  In response to paragraph 150 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 149 as if fully set forth herein.

ANSWER

1    151.   In response to paragraph 151 of the Complaint, Defendant PCC
2  responds that it is not named in this cause of action and therefore no response is
3  required.

4    152.   In response to paragraph 152 of the Complaint, Defendant PCC
5  responds that it is not named in this cause of action and therefore no response is
6  required.

7    153.   In response to paragraph 153 of the Complaint, Defendant PCC
8  responds that it is not named in this cause of action and therefore no response is
9  required.

10    154.   In response to paragraph 154 of the Complaint, Defendant PCC
11  responds that it is not named in this cause of action and therefore no response is
12  required.

13    155.   In response to paragraph 155 of the Complaint, Defendant PCC
14  responds that it is not named in this cause of action and therefore no response is
15  required.

16    156.   In response to paragraph 156 of the Complaint, Defendant PCC
17  responds that it is not named in this cause of action and therefore no response is
18  required.

19    157.   In response to paragraph 157 of the Complaint, Defendant PCC
20  responds that it is not named in this cause of action and therefore no response is
21  required.

22                      XVII.  TWELFTH CLAIM

23          Denial of Full and Equal Access to Public Facilities

24                      (The Dixieline Facility)

25    158.   In response to paragraph 158 of the Complaint, Defendant PCC
26  incorporates its responses to paragraphs 1 through 157 as if fully set forth herein.

27    159.   In response to paragraph 159 of the Complaint, Defendant PCC
28  responds that it is not named in this cause of action and therefore no response is

---

ANSWER

LA1 9405v1 08/28/08

1  required.

2      160.   In response to paragraph 160 of the Complaint, Defendant PCC
3  responds that it is not named in this cause of action and therefore no response is
4  required.

5      161.   In response to paragraph 161 of the Complaint, Defendant PCC
6  responds that it is not named in this cause of action and therefore no response is
7  required.

8      162.   In response to paragraph 162 of the Complaint, Defendant PCC
9  responds that it is not named in this cause of action and therefore no response is
10  required.

11                    XVIII. THIRTEENTH CLAIM
12                Americans with Disabilities Act of 1990
13            Denial of "Full and Equal" Enjoyment and Use
14                   (The Grocery Outlet Facility)

15      163.   In response to paragraph 163 of the Complaint, Defendant PCC
16  incorporates its responses to paragraphs 1 through 162 as if fully set forth herein.

17      164.   In response to paragraph 164 of the Complaint, Defendant PCC
18  responds that it is not named in this cause of action and therefore no response is
19  required.

20      165.   In response to paragraph 165 of the Complaint, Defendant PCC
21  responds that it is not named in this cause of action and therefore no response is
22  required.

23      166.   In response to paragraph 166 of the Complaint, Defendant PCC
24  responds that it is not named in this cause of action and therefore no response is
25  required.

26      167.   In response to paragraph 167 of the Complaint, Defendant PCC
27  responds that it is not named in this cause of action and therefore no response is
28  required.

                              22
                            ANSWER

1       168.  In response to paragraph 168 of the Complaint, Defendant PCC

2 responds that it is not named in this cause of action and therefore no response is

3 required.

4       169.  In response to paragraph 169 of the Complaint, Defendant PCC

5 responds that it is not named in this cause of action and therefore no response is

6 required.

7       170.  In response to paragraph 170 of the Complaint, Defendant PCC

8 responds that it is not named in this cause of action and therefore no response is

9 required.

10       171.  In response to paragraph 171 of the Complaint, Defendant PCC

11 responds that it is not named in this cause of action and therefore no response is

12 required.

13       172.  In response to paragraph 172 of the Complaint, Defendant PCC

14 responds that it is not named in this cause of action and therefore no response is

15 required.

16       173.  In response to paragraph 173 of the Complaint, Defendant PCC

17 responds that it is not named in this cause of action and therefore no response is

18 required.

19       174.  In response to paragraph 174 of the Complaint, Defendant PCC

20 responds that it is not named in this cause of action and therefore no response is

21 required.

22       175.  In response to paragraph 175 of the Complaint, Defendant PCC

23 responds that it is not named in this cause of action and therefore no response is

24 required.

25       176.  In response to paragraph 176 of the Complaint, Defendant PCC

26 responds that it is not named in this cause of action and therefore no response is

27 required.

28

ANSWER

LA1 9405v1 08/28/08

1    177.   In response to paragraph 177 of the Complaint, Defendant PCC

2    responds that it is not named in this cause of action and therefore no response is

3    required.

4    178.   In response to paragraph 178 of the Complaint, Defendant PCC

5    responds that it is not named in this cause of action and therefore no response is

6    required.

7    179.   In response to paragraph 179 of the Complaint, Defendant PCC

8    responds that it is not named in this cause of action and therefore no response is

9    required.

10                      XIX. FOURTEENTH CLAIM

11                      Disabled Persons Act

12                   (The Grocery Outlet Facility)

13    180.   In response to paragraph 180 of the Complaint, Defendant PCC

14    incorporates its responses to paragraphs 1 through 179 as if fully set forth herein.

15    181.   In response to paragraph 181 of the Complaint, Defendant PCC

16    responds that it is not named in this cause of action and therefore no response is

17    required.

18    182.   In response to paragraph 182 of the Complaint, Defendant PCC

19    responds that it is not named in this cause of action and therefore no response is

20    required.

21    183.   In response to paragraph 183 of the Complaint, Defendant PCC

22    responds that it is not named in this cause of action and therefore no response is

23    required.

24    184.   In response to paragraph 184 of the Complaint, Defendant PCC

25    responds that it is not named in this cause of action and therefore no response is

26    required.

27    185.   In response to paragraph 185 of the Complaint, Defendant PCC

28    responds that it is not named in this cause of action and therefore no response is

ANSWER

LAI 9405v1 08/28/08

1 required.

2      186.   In response to paragraph 186 of the Complaint, Defendant PCC

3 responds that it is not named in this cause of action and therefore no response is

4 required.

5                            XX. FIFTEENTH CLAIM

6                            Unruh Civil Rights Act

7                         (The Grocery Outlet Facility)

8      187.   In response to paragraph 187 of the Complaint, Defendant PCC

9 incorporates its responses to paragraphs 1 through 186 as if fully set forth herein.

10      188.   In response to paragraph 188 of the Complaint, Defendant PCC

11 responds that it is not named in this cause of action and therefore no response is

12 required.

13      189.   In response to paragraph 189 of the Complaint, Defendant PCC

14 responds that it is not named in this cause of action and therefore no response is

15 required.

16      190.   In response to paragraph 190 of the Complaint, Defendant PCC

17 responds that it is not named in this cause of action and therefore no response is

18 required.

19      191.   In response to paragraph 191 of the Complaint, Defendant PCC

20 responds that it is not named in this cause of action and therefore no response is

21 required.

22      192.   In response to paragraph 192 of the Complaint, Defendant PCC

23 responds that it is not named in this cause of action and therefore no response is

24 required.

25      193.   In response to paragraph 193 of the Complaint, Defendant PCC

26 responds that it is not named in this cause of action and therefore no response is

27 required.

28

ANSWER

LA1 9405v1 08/28/08

1    194.  In response to paragraph 194 of the Complaint, Defendant PCC

2  responds that it is not named in this cause of action and therefore no response is

3  required.

4  XXI.  SIXTEENTH CLAIM

5  Denial of Full and Equal Access to Public Facilities

6  (The Grocery Outlet Facility)

7    195.  In response to paragraph 195 of the Complaint, Defendant PCC

8  incorporates its responses to paragraphs 1 through 194 as if fully set forth herein.

9    196.  In response to paragraph 196 of the Complaint, Defendant PCC

10  responds that it is not named in this cause of action and therefore no response is

11  required.

12    197.  In response to paragraph 197 of the Complaint, Defendant PCC

13  responds that it is not named in this cause of action and therefore no response is

14  required.

15    198.  In response to paragraph 198 of the Complaint, Defendant PCC

16  responds that it is not named in this cause of action and therefore no response is

17  required.

18    199.  In response to paragraph 199 of the Complaint, Defendant PCC

19  responds that it is not named in this cause of action and therefore no response is

20  required.

21  XXII.  SEVENTEENTH CLAIM

22  Americans With Disabilities Act

23  Denial of "Full and Equal" Enjoyment and Use

24  (The Party City Facility)

25    200.  In response to paragraph 200 of the Complaint, Defendant PCC

26  incorporates its responses to paragraphs 1 through 199 as if fully set forth herein.

27    201.  In response to paragraph 201 of the Complaint, Defendant PCC

28  admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section 12182(a).

26

ANSWER

1  In further response to paragraph 201, Defendant PCC states that the language of 42

2  U.S.C. Section 12182(a) speaks for itself.

3       202.  In response to paragraph 202, Defendant PCC denies each and every

4  allegation contained therein.

5            Failure to Remove architectural Barriers in an Existing Facility

6       203.  In response to paragraph 203, Defendant PCC admits that Plaintiff

7  purports to cite certain portions of 42 U.S.C. Sections 12181(9) and

8  12182(b)(2)(A)(iv).  In further response to paragraph 203, Defendant PCC states

9  that the language of 42 U.S.C. Sections 12181(9) and 12182(b)(2)(A)(iv) speaks

10  for itself.

11       204.  In response to paragraph 204, Defendant PCC admits that Plaintiff

12  purports to cite certain portions of 42 U.S.C. Section 12182(b)(2)(A)(v).  In further

13  response to paragraph 204, Defendant PCC states that the language of 42 U.S.C.

14  Section 12182(b)(2)(A)(v) speaks for itself.

15       205.  In response to paragraph 205, Defendant PCC denies each and every

16  allegation contained therein.

17       206.  In response to paragraph 206, Defendant PCC denies each and every

18  allegation contained therein.

19            Failure to Design and Construct an Accessible Facility

20       207.  In response to paragraph 207 of the Complaint, Defendant PCC

21  admits that the Facility is subject to certain provisions of the Laws.  Except as

22  expressly admitted herein, Defendant PCC denies all of the allegations in this

23  paragraph.

24       208.  In response to paragraph 208 of the Complaint, Defendant PCC

25  admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section

26  12183(a)(1).  In further response to paragraph 208, Defendant PCC states that the

27  language of 42 U.S.C. Section 12183(a)(1) speaks for itself.

28

1    209.   In response to paragraph 209, Defendant PCC denies each and every

2  allegation contained therein.

3                    Failure to Make an Altered Facility Accessible

4    210.   In response to paragraph 210 of the Complaint, Defendant PCC

5  admits that the Facility is subject to certain provisions of the Laws.  Except as

6  expressly admitted herein, Defendant PCC denies all of the allegations in this

7  paragraph.

8    211.   In response to paragraph 211 of the Complaint, Defendant PCC

9  admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section

10  12183(a)(2).  In further response to paragraph 211, Defendant PCC states that the

11  language of 42 U.S.C. Section 12183(a)(2) speaks for itself.

12    212.   In response to paragraph 212, Defendant PCC denies each and every

13  allegation contained therein.

14               Failure to Modify Existing Policies and Procedures

15    213.   In response to paragraph 213 of the Complaint, Defendant PCC

16  admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section

17  12182(b)(2)(A)(ii).  In further response to paragraph 213, Defendant PCC states

18  that the language of 42 U.S.C. Section 12182(b)(2)(A)(ii) speaks for itself.

19    214.   In response to paragraph 214, Defendant PCC denies each and every

20  allegation contained therein.

21    215.   In response to paragraph 215 of the Complaint, Defendant PCC denies

22  that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC

23  further denies that it was or is in violation of the Laws, as alleged or otherwise.

24  Defendant PCC further denies that it discriminated against Plaintiff or continues to

25  discriminate against Plaintiff, as alleged or otherwise.

26    216.   In response to paragraph 216 of the Complaint, Defendant PCC denies

27  that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC

28  further denies that it was or is in violation of the Laws, as alleged or otherwise.

28

ANSWER

1 Defendant PCC further denies that it discriminated against Plaintiff or continues to
2 discriminate against Plaintiff, as alleged or otherwise.

3 XXIII.  EIGHTEENTH CLAIM

4 Disabled Persons Act

5 (The Party City Facility)

6 217.  In response to paragraph 217 of the Complaint, Defendant PCC
7 incorporates its responses to paragraphs 1 through 216 as if fully set forth herein.

8 218.  In response to paragraph 218 of the Complaint, Defendant PCC
9 admits that Plaintiff purports to cite certain portions of California Civil Code
10 Section 54.  In further response to paragraph 218, Defendant PCC states that the
11 language of Civil Code Section 54 speaks for itself.

12 219.  In response to paragraph 219 of the Complaint, Defendant PCC
13 admits that Plaintiff purports to cite certain portions of California Civil Code
14 Section 54.1.  In further response to paragraph 219, Defendant PCC states that the
15 language of Civil Code Section 54.1 speaks for itself.

16 220.  In response to paragraph 220 of the Complaint, Defendant PCC
17 admits that Plaintiff purports to cite certain portions of California Civil Code
18 Sections 54(c) and 54.1(d).  In further response to paragraph 220, Defendant PCC
19 states that the language of Civil Code Sections 54(c) and 54.1(d) speaks for itself.

20 221.  In response to paragraph 221, Defendant PCC denies each and every
21 allegation contained therein.

22 222.  In response to paragraph 222 of the Complaint, Defendant PCC denies
23 that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC
24 further denies that it was or is in violation of the Laws, as alleged or otherwise.
25 Defendant PCC further denies that it discriminated against Plaintiff or continues to
26 discriminate against Plaintiff, as alleged or otherwise.

27 223.  In response to paragraph 223 of the Complaint, Defendant PCC denies
28 that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC

29

LA1 9405v1 08/28/08

1   further denies that it was or is in violation of the Laws, as alleged or otherwise.

2   Defendant PCC further denies that it discriminated against Plaintiff or continues to

3   discriminate against Plaintiff, as alleged or otherwise.

XXIV. NINETEENTH CLAIM

Unruh Civil Rights Act

(The Party City Facility)

7       224. In response to paragraph 224 of the Complaint, Defendant PCC

8   incorporates its responses to paragraphs 1 through 223 as if fully set forth herein.

9       225. In response to paragraph 225 of the Complaint, Defendant PCC

10   admits that Plaintiff purports to cite certain portions of California Civil Code

11   Section 51. In further response to paragraph 225, Defendant PCC states that the

12   language of Civil Code Section 51 speaks for itself.

13       226. In response to paragraph 226 of the Complaint, Defendant PCC

14   admits that Plaintiff purports to cite certain portions of California Civil Code

15   Section 51.5. In further response to paragraph 226, Defendant PCC states that the

16   language of Civil Code Section 51.5 speaks for itself.

17       227. In response to paragraph 227 of the Complaint, Defendant PCC

18   admits that Plaintiff purports to cite certain portions of California Civil Code

19   Section 51(f). In further response to paragraph 227, Defendant PCC states that the

20   language of Civil Code Section 51(f) speaks for itself.

21       228. In response to paragraph 228, Defendant PCC denies each and every

22   allegation contained therein.

23       229. In response to paragraph 229, Defendant PCC denies each and every

24   allegation contained therein.

25       230. In response to paragraph 230 of the Complaint, Defendant PCC denies

26   that Plaintiff is entitled to the relief requested, or any relief at all. Defendant PCC

27   further denies that it was or is in violation of the Laws, as alleged or otherwise.

28   Defendant PCC further denies that it discriminated against Plaintiff or continues to

30

ANSWER

1  discriminate against Plaintiff, as alleged or otherwise.

2       231.   In response to paragraph 231 of the Complaint, Defendant PCC denies

3  that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC

4  further denies that it was or is in violation of the Laws, as alleged or otherwise.

5  Defendant PCC further denies that it discriminated against Plaintiff or continues to

6  discriminate against Plaintiff, as alleged or otherwise.

7                        XXV.  TWENTIETH CLAIM

8              Denial of Full and Equal Access to Public Facilities

9                        (The Party City Facility)

10      232.   In response to paragraph 232 of the Complaint, Defendant PCC

11  incorporates its responses to paragraphs 1 through 231 as if fully set forth herein.

12      233.   In response to paragraph 233 of the Complaint, Defendant PCC

13  admits that Plaintiff purports to cite certain portions of California Health and

14  Safety Code Section 19955(a).  In further response to paragraph 233, Defendant

15  PCC states that the language of Health and Safety Code Section 19955(a) speaks

16  for itself.

17      234.   In response to paragraph 234 of the Complaint, Defendant PCC

18  admits that Plaintiff purports to cite certain portions of California Health and

19  Safety Code Section 19959.  In further response to paragraph 234, Defendant PCC

20  states that the language of Health and Safety Code Section 19959 speaks for itself.

21      235.   In response to paragraph 235, Defendant PCC admits that the Facility

22  is a "public accommodation" that is subject to certain provisions of the Laws,

23  including certain provisions of the Health and Safety Code.  Except as expressly

24  admitted herein, Defendant PCC denies each and every allegation in this

25  paragraph.

26      236.   In response to paragraph 236 of the Complaint, Defendant PCC denies

27  that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC

28  further denies that it was or is in violation of the Laws, as alleged or otherwise.

1   Defendant PCC further denies that it discriminated against Plaintiff or continues to

2   discriminate against Plaintiff, as alleged or otherwise.

3                           XXVI. TWENTY-FIRST CLAIM

4                        Americans with Disabilities Act of 1990

5                    Denial of "Full and Equal" Enjoyment and Use

6                                (The Ross Facility)

7           237.   In response to paragraph 237 of the Complaint, Defendant PCC

8   incorporates its responses to paragraphs 1 through 236 as if fully set forth herein.

9           238.   In response to paragraph 238 of the Complaint, Defendant PCC

10  responds that it is not named in this cause of action and therefore no response is

11  required.

12          239.   In response to paragraph 239 of the Complaint, Defendant PCC

13  responds that it is not named in this cause of action and therefore no response is

14  required.

15          240.   In response to paragraph 240 Defendant PCC responds that it is not

16  named in this cause of action and therefore no response is required.

17          241.   In response to paragraph 241 Defendant PCC responds that it is not

18  named in this cause of action and therefore no response is required.

19          242.   In response to paragraph 242 of the Complaint, Defendant PCC

20  responds that it is not named in this cause of action and therefore no response is

21  required.

22          243.   In response to paragraph 243 of the Complaint, Defendant PCC

23  responds that it is not named in this cause of action and therefore no response is

24  required.

25          244.   In response to paragraph 244 of the Complaint, Defendant PCC

26  responds that it is not named in this cause of action and therefore no response is

27  required.

28

LA1 9405v1 08/28/08

1      245.   In response to paragraph 245 of the Complaint, Defendant PCC

2   responds that it is not named in this cause of action and therefore no response is

3   required.

4      246.   In response to paragraph 246 of the Complaint, Defendant PCC

5   responds that it is not named in this cause of action and therefore no response is

6   required.

7      247.   In response to paragraph 247 of the Complaint, Defendant PCC

8   responds that it is not named in this cause of action and therefore no response is

9   required.

10      248.   In response to paragraph 248 of the Complaint, Defendant PCC

11   responds that it is not named in this cause of action and therefore no response is

12   required.

13      249.   In response to paragraph 249 of the Complaint, Defendant PCC

14   responds that it is not named in this cause of action and therefore no response is

15   required.

16      250.   In response to paragraph 250 of the Complaint, Defendant PCC

17   responds that it is not named in this cause of action and therefore no response is

18   required.

19      251.   In response to paragraph 251 of the Complaint, Defendant PCC

20   responds that it is not named in this cause of action and therefore no response is

21   required.

22      252.   In response to paragraph 252 of the Complaint, Defendant PCC

23   responds that it is not named in this cause of action and therefore no response is

24   required.

25      253.   In response to paragraph 253 of the Complaint, Defendant PCC

26   responds that it is not named in this cause of action and therefore no response is

27   required.

28

ANSWER

LA1 9405v1 08/28/08

## XXVII. TWENTY-SECOND CLAIM

### Disabled Persons Act

### (The Ross Facility)

254.   In response to paragraph 254 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 253 as if fully set forth herein.

255.   In response to paragraph 255 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

256.   In response to paragraph 256 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

257.   In response to paragraph 257 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

258.   In response to paragraph 258 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

259.   In response to paragraph 259 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

260.   In response to paragraph 260 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

## XXVIII. TWENTY-THIRD CLAIM

### Unruh Civil Rights Act

### (The Ross Facility)

261.   In response to paragraph 261 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 260 as if fully set forth herein.

34

LA1 9405v1 08/28/08

1    262.  In response to paragraph 262 of the Complaint, Defendant PCC
2   responds that it is not named in this cause of action and therefore no response is
3   required.
4    263.  In response to paragraph 263 of the Complaint, Defendant PCC
5   responds that it is not named in this cause of action and therefore no response is
6   required.
7    264.  In response to paragraph 264 of the Complaint, Defendant PCC
8   responds that it is not named in this cause of action and therefore no response is
9   required.
10   265.  In response to paragraph 265 of the Complaint, Defendant PCC
11   responds that it is not named in this cause of action and therefore no response is
12   required.
13   266.  In response to paragraph 266 of the Complaint, Defendant PCC
14   responds that it is not named in this cause of action and therefore no response is
15   required.
16   267.  In response to paragraph 267 of the Complaint, Defendant PCC
17   responds that it is not named in this cause of action and therefore no response is
18   required.
19   268.  In response to paragraph 268 of the Complaint, Defendant PCC
20   responds that it is not named in this cause of action and therefore no response is
21   required.

XXIX.  TWENTY-FOURTH CLAIM

Denial of Full and Equal Access to Public Facilities

(The Ross Facility)

25   269.  In response to paragraph 269 of the Complaint, Defendant PCC
26   incorporates its responses to paragraphs 1 through 268 as if fully set forth herein.
27   270.  In response to paragraph 270 of the Complaint, Defendant PCC
28   responds that it is not named in this cause of action and therefore no response is

35
ANSWER

1    required.

2         271.   In response to paragraph 271 of the Complaint, Defendant PCC

3    responds that it is not named in this cause of action and therefore no response is

4    required.

5         272.   In response to paragraph 272 of the Complaint, Defendant PCC

6    responds that it is not named in this cause of action and therefore no response is

7    required.

8         273.   In response to paragraph 273 of the Complaint, Defendant PCC

9    responds that it is not named in this cause of action and therefore no response is

10   required.

11                        XXX.  PRAYER FOR RELIEF

12        1.    In response to paragraph 1 of part XXX. Prayer for Relief in the

13   Complaint, Defendant PCC responds that this paragraph is directed toward another

14   party.

15        2.    In response to paragraph 2 of part XXX. Prayer for Relief in the

16   Complaint, Defendant PCC responds that this paragraph is directed toward another

17   party.

18        3.    In response to paragraph 3 of part XXX. Prayer for Relief in the

19   Complaint, Defendant PCC responds that this paragraph is directed toward another

20   party.

21        4.    In response to paragraph 4 of part XXX. Prayer for Relief in the

22   Complaint, Defendant PCC responds that this paragraph is directed toward another

23   party.

24        5.    In response to paragraph 1 of part XXX. Prayer for Relief in the

25   Complaint, Defendant PCC responds that this paragraph is directed toward another

26   party.

27                        XXXI. PRAYER FOR RELIEF

28        1.    In response to paragraph 1 of part XXXI. Prayer for Relief in the

ANSWER

LA1 9405v1 08/28/08

Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.      In response to paragraph 2 of part XXXI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.      In response to paragraph 3 of part XXXI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.      In response to paragraph 4 of part XXXI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.      In response to paragraph 5 of part XXXI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

XXXII. PRAYER FOR RELIEF

1.      In response to paragraph 1 of part XXXII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.      In response to paragraph 2 of part XXXII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.      In response to paragraph 3 of part XXXII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.      In response to paragraph 4 of part XXXII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

ANSWER

LA1 9405v1 08/28/08

5.    In response to paragraph 5 of part XXXII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

## XXXIII. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XXXIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.    In response to paragraph 2 of part XXXIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.    In response to paragraph 3 of part XXXIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.    In response to paragraph 4 of part XXXIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.    In response to paragraph 5 of part XXXIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

## XXXIV. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XXXIV. Prayer for Relief in the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

2.    In response to paragraph 2 of part XXXIV. Prayer for Relief in the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested,

ANSWER

LA1 9405v1 08/28/08

1  or any relief at all.  Defendant PCC further denies that it was or is in violation of
2  the Laws, as alleged or otherwise.  Defendant PCC further denies that it
3  discriminated against Plaintiff or continues to discriminate against Plaintiff, as
4  alleged or otherwise.

5    3.    In response to paragraph 3 of part XXXIV. Prayer for Relief in the
6  Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested,
7  or any relief at all.  Defendant PCC further denies that it was or is in violation of
8  the Laws, as alleged or otherwise.  Defendant PCC further denies that it
9  discriminated against Plaintiff or continues to discriminate against Plaintiff, as
10  alleged or otherwise.

11    4.    In response to paragraph 4 of part XXXIV. Prayer for Relief in the
12  Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested,
13  or any relief at all.  Defendant PCC further denies that it was or is in violation of
14  the Laws, as alleged or otherwise.  Defendant PCC further denies that it
15  discriminated against Plaintiff or continues to discriminate against Plaintiff, as
16  alleged or otherwise.

17    5.    In response to paragraph 5 of part XXXIV. Prayer for Relief in the
18  Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested,
19  or any relief at all.  Defendant PCC further denies that it was or is in violation of
20  the Laws, as alleged or otherwise.  Defendant PCC further denies that it
21  discriminated against Plaintiff or continues to discriminate against Plaintiff, as
22  alleged or otherwise.

23                    XXXV. PRAYER FOR RELIEF

24    1.    In response to paragraph 1 of part XXXV. Prayer for Relief in the
25  Complaint, Defendant PCC responds that this paragraph is directed toward another
26  party.

27    2.    In response to paragraph 2 of part XXXV. Prayer for Relief in the
28  Complaint, Defendant PCC responds that this paragraph is directed toward another

ANSWER
LA1 9405v1 08/28/08

1    party.

2        3.    In response to paragraph 3 of part XXXV. Prayer for Relief in the

3    Complaint, Defendant PCC responds that this paragraph is directed toward another

4    party.

5        4.    In response to paragraph 4 of part XXXV. Prayer for Relief in the

6    Complaint, Defendant PCC responds that this paragraph is directed toward another

7    party.

8        5.    In response to paragraph 5 of part XXXV. Prayer for Relief in the

9    Complaint, Defendant PCC responds that this paragraph is directed toward another

10    party.

11                              **AFFIRMATIVE DEFENSES**

12        For its affirmative defenses, Defendant PCC alleges as follows:

13                          **FIRST AFFIRMATIVE DEFENSE**

14        The Complaint fails to state a claim upon which relief may be granted.

15                        **SECOND AFFIRMATIVE DEFENSE**

16        The Complaint, and each purported claim for relief alleged in the Complaint,

17    is barred to the extent that it relies on events that occurred outside the applicable

18    statutes of limitations.

19                          **THIRD AFFIRMATIVE DEFENSE**

20        Plaintiff is not entitled to recovery of attorney's fees or costs from

21    Defendant PCC on any claims alleged in the Complaint. Plaintiff's Complaint did

22    not cause any voluntary change in Defendant PCC's conduct, and Plaintiff cannot

23    establish that Defendant PCC violated the Americans with Disabilities Act of

24    1990, Unruh Civil Rights Act, the Disabled Persons Act or Health & Safety Code

25    Section 19955 *et seq*. In the alternative, to the extent that Plaintiff is entitled to

26    recover attorney's fees or costs, such fees and costs are barred on the ground and to

27    the extent that they were not reasonably incurred or were incurred at an excessive

28    rate.

ANSWER

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the claims alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff is estopped from seeking recovery from Defendant PCC because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendant PCC.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to seek some or all of the injunctive relief sought in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's prayer for relief is barred because there is no actual, matured controversy between the parties as to the matters for which other relief is sought in that Plaintiff filed this action before the parties could establish that an actual controversy existed.

**TENTH AFFIRMATIVE DEFENSE**

Defendant PCC is excused from having made, or making, any of the architectural changes referenced in the Complaint because the laws in question excuse performance under these circumstances.

ANSWER

1

## ELEVENTH AFFIRMATIVE DEFENSE

2   Defendant PCC is not obligated to remove the "barriers" alleged in this

3   Complaint to the extent that the structures and real property at issue were

4   constructed and/or modified before the effective date of any law or regulation

5   prohibiting the existence of any such alleged "barrier."

6

## TWELFTH AFFIRMATIVE DEFENSE

7   Plaintiff is not entitled to recover on any claim for relief in this action

8   because Defendant PCC has substantially complied with all applicable legal

9   requirements.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

11   Plaintiff's conduct concerning the matters alleged in the Complaint

12   constitute carelessness, negligence, misconduct, or bad faith, or Plaintiff was

13   otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were

14   proximately caused and contributed to, in whole or in part, by the conduct of the

15   Plaintiff.

16

## FOURTEENTH AFFIRMATIVE DEFENSE

17   In acting in the manner he did, Plaintiff unnecessarily assumed the risk that

18   he would suffer the damages sought in this action.

19

## FIFTEENTH AFFIRMATIVE DEFENSE

20   Plaintiff is not entitled to recover the damages sought in the Complaint

21   because his admittance to and enjoyment of the Facility and the Property was not

22   denied or interfered with by Defendant PCC or by any other party.

23

## SIXTEENTH AFFIRMATIVE DEFENSE

24   Plaintiff is not entitled to seek or recover punitive damages against

25   Defendant PCC for any of the claims for relief stated in the Complaint, nor has

26   Plaintiff alleged facts establishing a lawful basis for the award of punitive

27   damages.

28

LA1 9405v1 08/28/08

1   **SEVENTEENTH AFFIRMATIVE DEFENSE**

2        Plaintiff is not entitled to recover punitive damages under the Complaint

3   because such an award would violate Defendant PCC's rights under the United

4   States Constitution and under the Constitution of the State of California, including,

5   but not limited to, Defendant PCC's rights to procedural due process under the

6   Constitution of the State of California and the Fourteenth Amendment of the

7   Constitution of the United States of America; protection from excessive fines as

8   provided in the Eighth Amendment of the Constitution of the United States of

9   America, and Article I, Section 17 of the Constitution of the State of California;

10  and substantive due process provided in the Constitution of the State of California

11  and the Fifth and Fourteenth Amendments of the Constitution of the United States

12  of America.

13       WHEREFORE, Defendant PCC prays as follows:

14       1.    That Plaintiff take nothing by reason of his Complaint;

15       2.    That Defendant PCC be awarded judgment in this action and

16  the Complaint be dismissed with prejudice;

17       3.    For reasonable attorney's fees and costs of suit incurred herein;

18  and

19       4.    For such other and further relief as the Court may deem just and

20  proper.

21

22  Dated: September 8, 2008

23                          Respectfully submitted,

24
                            FOX ROTHSCHILD LLP
25

26

27                          LYNNE M. HOOK
                            Attorneys for Defendant
28                          Party City Corporation

43

ANSWER

LA1 9405v1 08/28/08